UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation <br><br>_____<br><br> CRAGO, Inc., <br><br>       Plaintiff, <br><br>   v. <br><br> CHUNGHWA PICTURE TUBES, LTD., <u>et al.</u>, <br><br>       Defendants. <br><br>_____ | MDL No. 1917 <br><br> Case No. 07-5944 SC <br><br> ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION TO AUTHORIZE SERVICE ON CERTAIN FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) |

I. **INTRODUCTION**

This matter comes before the Court on the Indirect Purchaser Plaintiffs' Motion to Authorize Service on Certain Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion"). Docket No. 344. Defendants Koninklijke Philips Electronics N.V. ("Koninklijke") and Toshiba Corporation ("Toshiba") Opposed the Motion and Plaintiffs filed a Reply. Docket Nos. 354, 357, 363. The remaining Defendants affected by the Motion have agreed to accept service. See Docket Nos. 353,

1  356, 360, 361, 372.  The matter was submitted to the Honorable
2  Judge Legge, who has been appointed Special Master in this action.
3  Judge Legge conducted a hearing and issued a Report and
4  Recommendation regarding the Motion.  Docket No. 373.  After
5  considering Judge Legge's Report and Recommendation of August 29,
6  2008, and after reviewing the parties' papers, this Court GRANTS
7  Plaintiffs' Motion.

8  The Court merely notes that under Federal Rule of Civil
9  Procedure 4(f)(3)[1] and the relevant caselaw, service on foreign
10 defendants, even those who are signatories to the Hague
11 Convention, is proper under Rule 4(f)(3) where the foreign
12 defendants have domestic subsidiaries and/or counsel and where
13 service does not require transmittal abroad.[2]  See Volkswagenwerk
14 Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (holding
15 that the "only transmittal [of service] to which the [Hague]
16 Convention applies is a transmittal abroad that is required as a
17 necessary part of service").

18 In the present case, it is undisputed that both Koninklijke
19 and Toshiba have domestic subsidiaries and domestic counsel.  The
20 Supreme Court has stated that "[w]here service on a domestic agent
21 is valid and complete under both state law and the Due Process
22 Clause, our inquiry ends and the [Hague] Convention has no further

---

[1] Rule 4(f)(3) states that "an individual . . . may be served at a place not within any judicial district of the United States: . . . by other means not prohibited by international agreements, as the court orders."  Fed. R. Civ. P. 4(f)(3).

[2] It is undisputed that both Defendants are foreign corporations located in countries that are signatories to the Hague Convention.

2

implications." Volkswagenwerk, 486 U.S. at 707. This reasoning applies with equal force to service on a domestic agent under federal law. See, e.g., In re LDK Solar Sec. Litig., C No. 07-5182, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (stating "nothing in the [Hague] Convention bars the requested means of service" under Rule 4(f)(3) upon a domestic subsidiary). Defendants have provided no explanation for why transmittal abroad would be required in the present case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel. See Rio Prop., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002) (holding that "[a]pplying th[e] proper construction of Rule 4(f)(3) . . ., trial courts have authorized a wide variety of alternative methods of service including . . . delivery to defendant's attorney"). Defendants' argument that service under Rule 4(f)(3) is somehow prohibited by the Hague Convention in the present circumstances is, accordingly, without support.

The Hague Convention applies only when transmittal abroad is required. Because Koninklijke and Toshiba have domestic subsidiaries and domestic counsel, transmittal abroad for service is not required. The Hague Convention therefore does not prohibit service on Defendants under Rule 4(f)(3).[3] Plaintiffs' Motion is

---

[3] For this reason, Defendants' reliance on a footnote from Rio Properties is misplaced. See Rio Properties, 284 F.3d at 1015 n.4 (stating that a "federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention"). As the Hague Convention, for the reasons stated above, does not apply, this footnote is inapposite.

United States District Court
For the Northern District of California

GRANTED.

The hearing on this Motion scheduled for Friday, September 5, 2008, is hereby VACATED.


IT IS SO ORDERED.


Dated: September 3, 2008



UNITED STATES DISTRICT JUDGE

4